## ' Campbell *et al. v.* Brown *et al.*

The probate court has no power to decree a sale of the lands belonging to the estate of a deceased person, unless the heirs are made parties to the proceeding, or have either actual or constructive notice thereof.

It seems that the existence of the facts which give the probate court power to decree a sale of lands, must appear affirmatively upon the record of its proceedings.

When the judgment of a court is not merely voidable, but absolutely void, it may be attacked in a collateral proceeding.

A vender of land, who sells as a mere trustee, is not bound for a failure of title; and if the sale is void for want of authority, and conveys no title, the purchaser may set up the failure of consideration in bar of recovery of the purchase money.

IN ERROR from the circuit court of Madison county.

This was an action of assumpsit upon a promissory note. The defendant in the court below pleaded the general issue and two special pleas, which allege, in substance, that the consideration of the note was a tract of land, which had been sold by the plaintiffs as the administrator and administratrix of one Charles McCarroll, deceased, in virtue of an order of the probate court. The proceedings, upon which said order was had, were wholly irregular and void. That the law was not complied with, and that no notice whatever was given, either direct or constructive, to McCarroll's heirs; and so the probate court had no jurisdiction. To these pleas the plaintiff filed a demurrer, which did not appear to have been disposed of by the court. The cause was submitted to the jury on the general issue, and they found a verdict for the plaintiffs.

The bill of exception, which accompanied the record, stated, that on the trial the defendants offered to read to the jury a transcript of the proceedings and decree in the orphans' court, by virtue of which the administrator and administratrix sold the land which was the consideration of the note sued on; and also that McCarroll had heirs at law, who were then residing, and at the

time of the order resided, in this state, and in the county where the court was held, some of whom were of the age of twenty-one years, and that no notice was given to them of the application for the order of sale. The court refused to let this proof go to the jury, and the defendants excepted.

It did not appear that the purchasers had received any deed, or had been let into possession of the land.

W. Yerger for plaintiffs in error.

By the constitution of this state, a court of probate is to be established, "with jurisdiction in all matters testamentary and of administration; in orphans' business and the allotment of dower; in cases of idiotcy and lunacy, and of persons non compos."

By the repeated decisions of this court, it has been decided that the jurisdiction of the several courts is exclusive; and that no court can have any jurisdiction than such as is given to it by the constitution. Blanton *v.* King, 2 How. 861; Carmichael *v.* Browder, 3 How. 252.

If it appear that the court had no jurisdiction of the person or subject matter; or if it take cognizance of a cause where it had no jurisdiction, the judgment or decree of the court is null and void. 4 Pet. R. 466; 1 How. 444–5; Ib. 61; 6 Yer. 522; 5 Wend. 155; 11 do. 648; 5 Hayd. 155.

An administrator has no interest in real estate, except in case where the personalty is insufficient to pay the debts. 2 How. 604; Rev. Code, 42.

The only instance, then, in which the lands of intestates can come before the probate court, at the instance of the administrator, is where the personalty is insufficient to pay debts. Action by the probate court for any other purpose, at the suit of the administrator, is *coram non judice* and void.

A probate court, therefore, cannot sell lands at the instance of the administrator, unless he shows an indebtedness of the estate and an insufficiency of personal assets. It is only by giving such a construction to the act of 1830, that it can be deemed constitutional.

It must appear from the records of all tribunals of special and

limited jurisdiction, that they had jurisdiction, or its decrees are void. 1 How. 439.

The adjudications made by the probate court, under the act of 1822, are not distinguishable in effect from those which have been made by the probate court under the present system. McMurran *v.* Vertner, decided at January term, 1841.

It must appear on the face of the proceedings of all courts, that they had jurisdiction of the subject matter. Tolmie *v.* Thompson, 2 Pet. R.; 11 Mass. 510; 13 Mass. 264; 5 Pick. 140.

Hughes for defendant in error.

The court properly sustained the demurrer to the plea, and rejected the evidence offered. The object of the plea and proof was to show a failure of consideration of the note on which suit was brought.

The note sued on was given for land sold by Brown and wife as administrators, by order of the probate court; and, to show that the sale was illegal and void, it is insisted that the administrator did not give the notice required by law before the sale was ordered. This is no objection. The principle is, that where a court is a court of general jurisdiction, when a case is passed upon, every thing will be presumed to be done which the law requires, to sustain the jurisdiction of the court, and the decree or judgment. See 10 Pet. R. 449; 1 Conn. R. 467; 1 Day's R. 215.

As to the power and jurisdiction of the probate court, see Blanton *v.* King, 1 How.; McMurran *v.* Vertner.

It is also insisted that the sale is void, because there were not sixty days between the application for the sale and the order made. Answer: Notice was given, and the parties were present—therefore the sale was properly ordered. We do not insist that the record shows notice; but the law presumes notice.

G. S. Yerger in reply.

The record in this case shows that there was no service of personal process on the heirs whose land was sold by the order of the probate court. Nor does it show they were non-residents, in order to authorize a publication, as required under the statute; and even

Campbell *et al. v.* Brown *et al.*

if it did, the requisites of the act of 1830, under which this sale was made, were not complied with in several particulars pointed out in the brief of Rucks & Yerger.

The record presents for adjudication only two questions: First—Whether the want of an observance of the requisites of the statute renders the order of sale and the sale *null and void or merely erroneous.* Second—If the sale is void, and suit is brought on the note given for the land so sold, can a defence be made, by showing the sale void, whether defendant is in possession of the land or not?

First. Where the court has not jurisdiction of the subject matter or of the person, the decree is a *nullity*—not merely erroneous. If there is no notice, actual or constructive, it has not jurisdiction of the person, and therefore its order is void. And, in proceedings under these statutes, the record must show the requisites which give jurisdiction of the person were complied with.

The construction of our own statute in regard to sales of executors, &c. and sales made by order of the probate court, has been settled; and the decision has been, such sale is absolutely void, unless the requisites of the statute have been complied with.

The case of —— ——, reported in 10 Pet. 161, arose under our statute, and is directly in point. The same decision is made by this court in Moore & Wife *v.* Cason, 1 How. 62; and in Vick *v.* Vicksburg, 1 How. 380, 444.

So in other states. In Alabama, Wily *v.* White, 2 Stew. Rep. 335; 3 J. J. Mar. Rep. 105; Armstrong *v.* Cheshire, 1 Dev. Rep.; 9 Mar. Lou. Rep. 489; Commercial Bank *v.* Jones, decided in this court; see Op. Book, 630.

Second. If the sale was void, no interest whatever passed to the purchaser, and the consideration of the note is void. This is not like an individual selling and warranting title. In such case an interest passes, and title may be made perfect. The sale in such case is not a *nullity.* The sale is good, *and passes the party's interest, whatever he has*—but in this case the sale is void, and *passes* no interest whatever. The distinction between the cases is obvious, and is settled. 2 Stew. Rep. 335; 8 Mass. Rep. 48; 7 do. 14; 4 Litt. 242; 3 Marsh. Rep. 298; Bay. on Bills, 538.

Campbell *et al.* *v.* Brown *et al.*

Mr. Justice TROTTER, after stating the facts in the case, delivered the opinion of the court.

The question is, whether the decree of the probate court, rendered without notice, either actual or constructive, to the heirs of McCarroll, is void and inoperative. That it is so, we have no doubt. One of the special pleas alleges that the deceased left heirs, who were living within the county where the court sat, and that they had no notice of the proceedings, and were not made parties thereto. That no citation was issued to them, nor was any served on them. The demurrer confesses these facts. It surely cannot be a matter of doubt, that the decree of the court is wholly void. It is not only against the express provisions of the statute, which requires notice of the proceeding to be issued to all persons interested, but stands opposed to the very first principles of justice. 10 Pet. Rep. 161; 1 Dev. Rep. 187.

No man can be considered to lose his life, liberty or property by a judgment or decree, who has no notice of the proceeding against him, and consequently no opportunity to contest it. It is a principle universally recognized, that no judgment or decree is binding unless the court which pronounced it has jurisdiction, as well of the person as of the subject matter. 15 J. R. 141; 19 do. 33; 11 Wend. 652.

The court below should therefore have overruled the demurrer to the plea; and, for the same reason, should have admitted the record of the proceedings of the probate court to be read to the jury. This record shows the same facts relied on in the special plea. It was rejected by the court, on the ground that, though the action of the court was void, it was only so in regard to the heirs, and that it could not be attacked in a collateral suit. This is undoubtedly the correct view of the subject, in cases where the judgment is irregular merely, and therefore only voidable. But it is equally true that a judgment by a court which has no jurisdiction is absolutely void, and may always be assailed. Hollingsworth *v.* Barbour et al. 4 Pet. 474; 11 Wend. 652.

In the last case, the defendant, in an action of ejectment, claimed title to the land in dispute, under a deed made in pursuance of an *order* for partition. There was no showing in the record that

the requirement of the statute authorizing proceedings in partition had been complied with.   It is there observed by the judge who delivered the opinion of the court, "If a court act without jurisdiction, the proceeding is void; and if it appear upon the face of the record, the whole is a nullity; and this want of jurisdiction may *always* be set up against a judgment when sought to be enforced, or when any benefit is claimed under it."

In the case just noticed, it is said, it must be shown by the record that the court had jurisdiction of the party, either by service of process or by publication, where that is authorized.   The case in 3 J. J. Marsh. 105, is to the same effect.

These lands, which belonged to Charles McCarroll in his life time, descended to his *heirs* upon his death.   The title became vested in them, and can only be divested by the decree of the probate court, upon proceedings instituted and conducted according to the statutes of the state.   The administrator, as such, had no interest in the lands, and can only take possession in the mode and for the purposes enumerated by the law.   One case is given by the statute in which he may sell the real estate, and that is when the personal property is insufficient to discharge the debts of the deceased.   Another is, perhaps, when it can be shown that it was for the interest of the heirs to convert it into money.   But in any proceeding, in one case or the other, the heirs must have notice.

It is not shown that the purchaser has any deed, or whether he is in possession, and hence it is unnecessary to consider how far such facts if proven would bring the case within the general rule which obtains in the purchase of lands, if the vendee has been let into possession at the time of seeking to rescind the contract, or of resisting the payment of the purchase money.   In this case, the sale conveyed no title to the vendee, and the consideration of the note has therefore wholly failed.   In such circumstances, there can be no justice in subjecting him to the payment of the money on the uncertain ground of his right to action to recover it back in a suit against the administrator.   The vendors in this case were mere trustees, and sold the land only in obedience to an order of the probate court.   They are not supposed to have any

personal interest in the land, and therefore would not be liable for a defect of title. They represent the deceased. It is not contended that the deceased had not a good title. But it is insisted merely that the title is, in law, in his heirs. The case in Stewart's Alabama Reports, 335, is directly in point, and fully sustains these views.

The judgment must be reversed, and a venire de novo awarded.